FORET, Judge.
Appellant, Earnest* Mack, and two co-defendants were charged with armed robbery, a violation of La. R.S. 14:64. The trial court granted Mack’s motion to sever. After trial, Mack was found guilty as charged by a twelve-person jury and sentenced to twelve years at hard labor without benefit of probation, parole, or suspension of sentence. Mack now seeks review of his sentence based upon two assigned errors.
FACTS
On November 8, 1984, Earnest Mack, who was sixteen years of age at the time, met the two co-defendants, Ellis and Battie, *94 in Lake Charles. After consuming wine and beer, the trio walked to Westlake following railroad tracks. They entered a private business with their faces concealed by stockings. Mack was the first to enter and was armed with a .45 handgun handed him by Ellis. Appellant told the two occupants of a private office that “this is a stick-up”, as Battie and Ellis entered the office behind him. Apparently, one of the victims was struck with the weapon during the robbery. Officers of the Westlake Police Department, responding to a call reporting a possible burglary, arrived at the scene while the group was still in the building.
One co-defendant, Battie, was shot in the leg by the police while attempting to flee. Mack and Ellis then surrendered without incident. At the police station, Mack, accompanied by his mother, gave a statement regarding his participation in the robbery.
At trial, Mack admitted to participating in the robbery but alleged he was coerced into participation by threats of harm from Ellis. Appellant alleged the stocking was forced over his face and he was pushed into the private office with the victims. Finally, appellant testified he was attempting to escape from the building as the police arrived. Mack denied, on cross-examination, that he had demanded the victims’ money or had repeatedly pointed the gun at each of them.
ASSIGNMENTS OF ERROR NOS. 1 and 2
Mack contends the trial judge imposed an excessive sentence and failed to adequately articulate his reasons for sentence. He argues a minimum sentence of five years was appropriate because he has no prior criminal record, was a minor when the crime was committed, and the co-defendants exercised either coercion or undue influence on him to force him to participate in the crime.
La. C.Cr.P. art. 894.1 provides criteria for consideration in determining whether a sentence is excessive and mandates that the trial court shall state for the record the factual basis therefor in imposing sentence.
At sentencing, the trial judge acknowledged that Mack had no prior criminal record and committed the instant offense at the age of sixteen. The court questioned appellant and defense counsel regarding personal factors. The court was informed that Mack’s parents had separated, he lived with his grandmother, and had little guidance from his parents. At the time of the crime Mack was enrolled at a local high school although he failed to attend classes on the date of the crime. Mack articulated an intention to procure a diploma through adult education and stated a desire to learn the trade of a brick mason. Finally, appellant informed the judge that a co-defendant gave him the gun and that he was not in the room when a victim was kicked.
The trial judge imposed a sentence of twelve years at hard labor without benefit of parole, probation, or suspension of sentence. The judge stated a sentence at the lower end of possible penalties was appropriate because of Mack’s age. The judge also noted that Mack will be able to receive vocation and rehabilitative training in the Department of Corrections which will aid reintegration into society. It was also noted that the co-defendants each received sentences of fifty years.
At sentencing, the trial judge mentioned appellant’s youth and lack of previous criminal record as factors in mitigation. He made only limited reference to the facts of the case, other than to question Mack. Therefore, it would appear the reasons articulating the sentence fail to meet the guidelines contemplated in La. C.Cr.P. art. 894.1. However, remand for resen-tencing is necessary only if the sentence imposed is shown to be apparently severe in relation to the particular offender and the facts of the offense as contained in the record. State v. Vizena, 454 So2d 1291 (La.App. 3 Cir.1984).
La. R.S. 14:64 provides for a wide range of sentencing alternatives, i.e., not less than five and not more than ninety-nine years. The twelve-year sentence imposed represents a relatively lenient sentencing choice. The jury found that the *95 evidence produced at trial established that Mack took an active role in an armed robbery. .The crime is “fraught with danger” to the victims and all others who may be present. In fact, in the instant ease, the incident ended in the shooting of a co-defendant. Taking into consideration the offender and the facts of the offense, the sentence imposed is not apparently severe and is illuminated by the record. The sentence is not grossly out of proportion to the severity of the offense. Therefore, these assignments of error are without merit.
DECREE
For the foregoing reasons, the sentence of Earnest Mack, appellant herein, is affirmed.
AFFIRMED.

Throughout the record, appellant’s name is incorrectly spelled as “Ernest”.